## J. H. RANDOLPH
### v.
## DREW INMAN.

*Partnership—Dissolution of—Lapse of Time—Bill for Accounting—Limitations.*

Upon a bill filed to secure the settlement of a partnership, and for an accounting, although the same had been finally dissolved more than five years previous thereto, this court holds that the statute of limitations did not bar the relief asked, it appearing that within that time there had been consultations as to unsettled matters, requests and promises to account, and credits and charges by defendant, who was settling the partnership business against complainant on account of partnership claims collected and paid by him.

[Opinion filed November 23, 1889.]

APPEAL from the Circuit Court of DeWitt County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Messrs. MOORE & WARNER and R. A. LEMON, for appellant.

Messrs. FULLER & INGHAM, for appellee.

WALL, J.   On the 12th of August, 1887, the appellant filed his bill in chancery against the appellee to dissolve and settle a matter of partnership then alleged to exist between the parties.

The answer denied that any partnership was in existence at the filing of the bill and alleged that the partnership relations had ceased by virtue of a dissolution thereof in March, 1879, and that whatever rights appellant had to a settlement in respect to said matters had accrued more than five years prior to the filing of the bill.   The appellant by an amendment to the bill alleged that within five years before the filing of the bill the appellee had promised to settle up all copartnership business accruing prior to March 4, 1879, and to pay whatever balance might be found against him on such settlement. Upon a final hearing the court found as follows:

" That the copartnership of Randolph, Milmine & Inman, which existed from March 1, 1877, to March 1, 1878, under the name and style of Milmine & Inman, was dissolved February 28, 1878; that the copartnership entered into between J. H. Randolph and Drew Inman, March 1, 1878, continued in existence until March 4, 1879, at which time it was dis-

solved, and that since March 4, A. D. 1879, John H. Randolph and Drew Inman have not been in partnership in any way whatever.

"That the statute of limitations was well pleaded by the respondent in bar of the right of complainant to file a bill asking and praying for an accounting and settlement of the affairs of the two copartnerships aforesaid." Thereupon it was decreed that the bill be dismissed at the cost of the complainant. From this decree an appeal is prosecuted to this court.

Upon a careful examination of the evidence we are entirely satisfied with the finding that the partnership relations between the parties were finally dissolved on the 4th of March, 1879, and to that extent the decree will be affirmed. The only question is whether the court was warranted in refusing relief on the ground of *laches* in filing the bill. It is true that more than five years had elapsed since the parties had dissolved the partnership, and that courts of equity will generally consider such a delay, when unaccounted for, as a sufficient reason for denying relief. It appears; however, that when the partnership was dissolved there were many unsettled matters which the appellee undertook to adjust, involving the collection of partnership assets and the payment of partnership debts; that the assets had not all been collected when the bill was filed; that appellee had from collections and his own funds paid all the firm debts except the amount due John Warner & Co.,which had been paid after being reduced to judgment by appellant but a short time before the filing of the bill, and that in the accounts kept by the appellee he had given credit to appellant in respect to the collection of assets and had made charges against him within five years. It also appears that appellee frequently, within five years, recognized the unsettled condition of these accounts and had urged the appellant to come to an adjustment of the same, averring readiness to abide by the result. Some of these offers were in the form of written communications dated at different times, the last one appearing in the record bearing date April 1, 1887, in which he says, among other things: "We have a basis for business, and according to that

basis you and I, of right, must settle. This will determine our individual responsibility. I think you liable for the Warner notes, and in addition thereto, indebted somewhat to me; but as to this, a settlement alone will determine. I am ready to meet you at any time for settlement; further than this I can not propose." The present suit was brought within less than six months after this letter was written.

Appellee testified that he had been ready and willing all the time to settle, and had often stated so to appellant. With what grace can he now set up the statute of limitations as a defense? In 2 Lindley on Partnership, 967, it is said: " With reference to acknowledgments, it was held in a partnership case, where no account had been come to for six years, that a signed acknowledgment of a liability to account in respect to matters more than six years old, was sufficient to justify a decree for an account in respect to them, although the acknowledgment did not contain an admission that anything was due, nor any express promise to pay what might be found due on taking of the account." See also Kane v. Bloodgood, 7 Johns. Ch. 134; Prann v. Sympson, Kay's Ch. Rep. 678; Skeel v. Lindsey, 2 Ex. D. 314.

In view of the repeated statements of the appellee that he desired a settlement, admitting thereby that there was something to be settled, that he had credited appellant with respect to partnership matters within five years, and that in regard to at least one item of copartnership assets, the Emerick judgment, the parties had conferred together within that time, the suggested defense ought not to prevail. Although it had been more than five years since the partnership ceased, yet by reason of the matters referred to, the process of winding up and liquidating the partnership affairs had never fully terminated, though it is probable nothing more will be realized from the assets of the firm. By these matters, and the occasional conferences between the parties, this process had been kept *in esse.* It would be inequitable to hold, under the circumstances, that the delay in filing the bill ought to bar an accounting.

We therefore consider the decree erroneous, in so far as it

denies relief on this ground, and it is reversed, with instructions to proceed to an adjustment and settlement of the right of the parties in reference to the partnership relations which terminated on the 4th of March, A. D. 1879.

*Decree affirmed in part; reversed in part; remanded with instructions.*